UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| TIMOTHY H. JOHNSON, | ) | |
| Plaintiff, | ) | 3:09-cv-0753-LRH-RAM |
| vs. | ) | |
| | ) | **ORDER** |
| JIM GIBBONS, *et al.*, | ) | |
| Defendants. | ) | |

Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, and has been granted leave to proceed *in forma pauperis* (docket #3). The complaint is subject to an initial review by the court pursuant to 28 U.S.C. § 1915A.

**I.    Screening of the Complaint**

**A.  Screening Standard**

The complaint must be screened pursuant to 28 U.S.C. §1915A.  Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).  Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was

1  committed by a person acting under the color of state law. *See West v. Atkins,* 487 U.S. 42, 48
2  (1988).
3       In addition to the screening requirements under § 1915A, a federal court must dismiss a
4  prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious,"
5  "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant
6  who is immune from such relief." 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1), (2). Dismissal
7  of a complaint for failure to state a claim upon which relief may be granted is provided for in
8  Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard when reviewing
9  the adequacy of a complaint or amended complaint.
10      Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v.*
11 *Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a
12 claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the
13 claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.
14 1999). In making this determination, the Court takes as true all allegations of material fact stated in
15 the complaint, and the Court construes them in the light most favorable to the plaintiff. *See*
16 *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are
17 held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449
18 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).
19      All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the
20 prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal
21 conclusions that are untenable (*e.g*. claims against defendants who are immune from suit or claims
22 of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful
23 factual allegations (*e.g*. fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319,
24 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).
25      **B.    Complaint in the Instant Action**
26           **1.  Plaintiff's Allegations**
27      Plaintiff names the following individuals as defendants to this action: Nevada Governor Jim
28 Gibbons, Nevada Secretary of State Ross Miller, Nevada Attorney General Catherine Cortez-Masto,

all as members of the Nevada Board of Prison Commissioners, Director of Corrections Howard Skolnik, Nevada State Prison Warden Bill Donat, and Associate Warden of Program James Baca.

Plaintiff complains that the policy as set out in Administrative Regulation (A.R.) 258 violates the legislative intent of NRS 209.461 and his rights guaranteed by the Fifth and Fourteenth Amendment. He contends that his constitutional rights have been violated by these defendants because they have been made aware and have failed to stop the improper withholding of room and board charges from his prison employment pay.

To state a claim under 42 U.S.C. §1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**2. Due Process**

When the State deprives an inmate of property pursuant to an affirmatively established or *de facto* policy, procedure, or custom, the state has the power to control the deprivation and, therefore, generally must, in the absence of compelling reasons to the contrary, give the plaintiff a pre-deprivation hearing. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982); *Haygood v. Younger*, 769 F.2d 1350, 1357 (9th Cir.1985), *cert*. denied, 478 U.S. 1020 (1986). Due process requires prior notice of the intended deprivation. Thus, if the inmate is advised in advance of the intention to take the property and the conditions under which the taking will occur, the requirements of due process have been met. *Id.*

Under Nevada law, the director of prisons is required to develop programs of employment of offenders. The pertinent part of the relevant statute reads:

> **Duties and powers of Director; requirements for programs for employment of offenders**
>
> 1. The Director shall:
>
> (a) To the greatest extent possible, approximate the normal conditions of training and employment in the community.
>
> (b) Except as otherwise provided in this section, to the extent practicable, require each offender, except those whose behavior is found by the Director to preclude participation, to spend 40 hours each week in

vocational training or employment, unless excused for a medical reason or to attend educational classes in accordance with NRS 209.396. <u>The Director shall require as a condition of employment that an offender sign an authorization for the deductions from his or her wages made pursuant to NRS 209.463. Authorization to make the deductions pursuant to NRS 209.463 is implied from the employment of an offender and a signed authorization from the offender is not required for the Director to make the deductions pursuant to NRS 209.463.</u>

NRS 209.461 (emphasis added).

NRS 209.463 identifies the types of deductions that the director is permitted to make and sets the order of priority for those deductions. Additionally, it provides for differing types of deductions based upon the wages earned. For example, the inmate may face different types of deductions if he earns more than the federal minimum wage than if he makes less than the federal minimum wage. Under the statute, withholding to "offset the cost of maintaining the offender in the institution, as reflected in the budget of the Department" is authorized. NRS 209.643(1)(e).

Plaintiff's reference to the legislative intent of the sponsors of the bill, particularly the 1985 Director of Prisons, Vernon Housewright, is irrelevant to the analysis, because the meaning of the statute is not ambiguous. Only where the meaning of a particular statute, or section thereof, is unclear or ambiguous should a court resort to legislative history to determine legislative intent. *See e.g., Alaska Public Emp. Ass'n v. State*, 525 P.2d 12, 15 (Alaska 1974) overruled on other grounds, citing 2A Sutherland Statutory Construction § 45.08 (4th ed. Sands 1973); *see also, Schwegmann v. Calvert Distillers Corp.,* 341 U.S. 384, 394-95 (1951) ("It is the sponsors that we look to when the meaning of statutory words is in doubt.")

Plaintiff has failed to state a claim for relief on the facts alleged and it does not appear to this court that any facts could be provided which would save this complaint. Plaintiff had prior notice of the policy to deduct certain funds from his wages and agreed to those deductions when he accepted the employment. The complaint shall be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED** that the Clerk shall **FILE** the complaint, but the Clerk shall not serve the complaint at this time.

///

///

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED** with prejudice for failure to state a claim.

The Clerk shall enter judgment accordingly.

DATED this 7th day of October, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE